[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
FEBRUARY 5, 2007
THOMAS K. KAHN
CLERK

No. 06-14804
Non-Argument Calendar

_____

D.C. Docket No. 05-01714-CV-GET-1

SNAPPING SHOALS ELECTRIC MEMBERSHIP CORPORATION,

Plaintiff-Counter Defendant-
Appellant,

versus

RLI INSURANCE CORPORATION,

Defendant-Third Party Plaintiff-
Appellee,

versus

CAYENTA CANADA CORPORATION,

Defendant-Third Party Defendant-
Counter Claimant,

AMANDA SIMS, et al.,

Defendants.

Appeal from the United States District Court
for the Northern District of Georgia

———————————————

**(February 5, 2007)**

Before DUBINA, CARNES, and COX, Circuit Judges.

PER CURIAM:

Plaintiff Snapping Shoals Electric Membership Corporation (SSEMC) appeals the district court's grant of summary judgment to RLI Insurance Corporation (RLI). RLI issued a performance bond guaranteeing Cayenta Canada, Inc.'s ("Cayenta") performance of a construction contract between SSEMC and Cayenta.

We previously issued a jurisdictional question in this case. Having reviewed the parties' responses to that question, we conclude that we do have jurisdiction to hear the appeal.

After a thorough review of the briefs on the merits and the record on appeal, we find no reversible error in the grant of summary judgment. By the plain language of the bond, RLI's obligations to SSEMC did not arise until SSEMC declared Cayenta in default and "formally terminated [Cayenta's] right to complete the contract." (R.1-5 at Ex. D, ¶ 3.2.) Furthermore, the terms of the bond incorporate the terms of the construction contract (R.1-5 at Ex. D, ¶1), and the construction contract

states, "[U]nder no circumstance shall the Bond remain in force later than May 30, 2003." (R.1-5 at Ex. C.)

There is no record evidence that SSEMC declared Cayenta in default of the construction contract and terminated Cayenta's right to complete the contract prior to May 30, 2003. There is evidence to the contrary. Namely, on June 15, 2004, SSEMC sent Cayenta and RLI a letter which stated, "[SSEMC] hereby gives notice to [Cayenta] and Cayenta's surety, RLI insurance Company . . . of Cayenta's default of its obligations . . . . [SSEMC] has allowed Cayenta more than 12 additional months within which to cure its failure to deliver . . . ." (R.1-5 at Ex. E.)

For the foregoing reasons, as a matter of law, RLI breached no obligation to SSEMC. Summary judgment for RLI was appropriate.

**AFFIRMED.**